IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT VONSLEP,<br><br>     Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA AND NEW YORK LIFE INSURANCE,<br><br>     Defendant. | Civil Action No.   2:25-cv-00670-DCN |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Robert Vonslep, makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

1

3. Venue is proper within the District of South Carolina pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Robert Vonslep, (hereinafter "Plaintiff"), is currently a resident of Georgetown, South Carolina.

5. Defendant Life Insurance Company of North America and New York Life Insurance Company (hereinafter both referred to collectively as "LINA"), are insurance companies authorized to transact the business of insurance in this state, and may be served with process through its registered agent for service, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

6. Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LK 008348, issued by LINA to Lockheed Martin Corporation.

## FACTS

7. Plaintiff was employed by Lockheed Martin Corporation as a Special Programs Subcontractor Manager.

8. By virtue of his employment, Plaintiff was enrolled in the Lockheed Martin Group Benefits Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by LINA under Group Long Term Disability Policy No. LK 008348, issued by LINA to Lockheed Martin Corporation.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to having a stroke and the many symptoms and conditions he experiences daily including loss of memory, trouble walking, visual disturbance,

and many other conditions and symptoms, on approximately April 21, 2021, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. LINA acknowledged Plaintiff's application for LTD benefits by letter dated Spetember 24, 2021.

15. LINA approved Plaintiff's application on February 26, 2022, and paid benefits dating back to October 21, 2021.

16. A third party provider hired by LINA sent Plaintiff a letter on December 12, 2023, stating that a medical examination had been scheduled by LINA for him to attend on January 8, 2024.

17. Plaintiff contacted LINA and told them that he would not be able to attend the medical examination as it was far away from his house. Multiple calls occurred between Plaintiff and LINA in which Plaintiff continued to tell LINA that he was unable to attend a medical appointment that far from his house.

18. LINA denied Plaintiff's benefits by letter dated January 9, 2024, stating that Plaintiff failed to attend the medical examination scheduled by LINA.

19. LINA paid benefits through January 20, 2024.

20. Plaintiff appealed the denial of benefits on July 3, 2024, and submitted with his appeal medical records, data regarding his headaches, his Social Security Disability Benefits approval letter, and a sworn declaration from him and his wife.

21. The Social Security Award Letter confirms that Plaintiff was determined to be disabled by Social Security as of April 22, 2021, and that he is receiving Social Security Disability benefits.

22. LINA acknowledged Plaintiff's appeal on July 12, 2024, and requested that Plaintiff complete certain forms and allowed Plaintiff 30 days to submit any additional evidence.

23. On August 2, 2024, Plaintiff submitted to LINA the authorization form it requested, and a cognitive functional assessment report.

24. The cognitive functional assessment testing confirmed that Plaintiff has impaired memory with difficulty recalling personal, vocational, and medical history details. It also confirmed that he has impaired attention and concentration evidenced by requiring repetition of questions and extended pauses before answering. The testing concluded that Plaintiff has impairments in executive functioning and verbal memory with an overall significant decline from his before disability level of functioning.

25. On August 6, 2024, LINA requested Plaintiff complete a disability questionnaire.

26. On August 20, 2024, Plaintiff submitted to LINA the requested disability questionnaire, and more medical records confirming his conditions, symptoms, and appropriate level of treatment.

27. On August 21, 2024, LINA sent a letter to Plaintiff stating, "Based on the independent review of the adverse claim determination, including information submitted in support of the appeal, a determination has been made that the prior decision should be overturned." The letter also states "Your client's claim is being referred to the following claim management team for further medical review at this time. You should hear from a representative of this team within 10 days."

28. On August 22, 2024, Plaintiff's counsel sent LINA a letter stating that it was acknowledging LINA's approval letter and asking for the benefit check to be sent.

29. On September 13, 2024, LINA wrote to Plaintiff that the August 21, 2024, letter was just stating that Plaintiff was now cooperating with the claim review and that LINA needs to now complete an Any Occupation review of Plaintiff's claim.

30. The September 13, 2024, letter also requests additional medical records.

31. On September 26, 2024, Plaintiff acknowledged the medical records request but requested an extension of time to request, obtain, and submit the requested medical records to LINA.

32. On September 27, 2024, LINA stated that Plaintiff could have until October 25, 2024, to submit the requested medical records.

33. On October 25, 2024, Plaintiff submitted the requested medical records, a form from his treating provider stating that she reviewed the cognitive functional assessment and agrees with its results based on her treatment and examinations of Plaintiff, and a vocational report confirming that there are no occupations that Plaintiff could perform with his restrictions and limitations.

34. After submitting the evidence on October 25, 2024, Plaintiff's counsel has not received any communication from LINA.

35. On January 8, 2025, Plaintiff's counsel sent LINA a letter stating that if it did not approve and pay Plaintiff's LTD benefits by January 14, 2025, Plaintiff would be forced to file suit.

36. LINA did not respond to Plaintiff's letter.

37. The last communication from LINA was on September 27, 2024.

38. Plaintiff has been without LTD benefits since LINA terminated his benefits in January 2024.

39. LINA acknowledged receipt of his appeal in a letter dated July 12, 2024.

40. LINA had 45 days from its receipt of that letter to render its decision pursuant to 29 C.F.R. § 2560.503-1(i)3)(i) or to properly request a 45 day extension due to special circumstances to make its decision.

41. LINA did not make a decision by the 45th day.

42. If this Court finds that any tolling applied during any period of the claim, LINA still missed its decision deadline. Even if LINA's 45 day deadline did not start until Plaintiff submitted the additional evidence on October 25, 2024, that was requested by LINA it has been well over 45 days (and 90 days if any special circumstances extension was requested, which it was not) and LINA has not made a decision on Plaintiff's claim, thus, it missed its 45 day decision deadline even considering an extreme case of inappropriate tolling.

43. Plaintiff's counsel even sent LINA a letter on January 8, 2025, informing LINA that it had missed its deadline and requesting a decision, but LINA did not respond.

44. LINA has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

45. LINA has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

46. Pursuant to 29 C.F.R. § 2560.503-1(l), due to LINA's failure to act in a timely fashion, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this Court.

47. Due to LINA's failure to establish and follow reasonable claims procedures, and because LINA never provided a decision on the merits of Plaintiff's claim, Plaintiff is entitled to *de novo* review of its denial of his claim.

48. Plaintiff has exhausted his administrative remedies under the Plan.

49. LINA would pay any benefits due out of its own funds.

50. LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

51. LINA was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

52. LINA allowed its concern over its own funds to influence its decision-making.

53. LINA breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

54. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

55. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

56. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

57. The decisions to deny benefits were wrong under the terms of the Plan.

58. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

59. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

60. The decisions to deny benefits were not supported by substantial evidence in the record.

61. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

62. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 4th day of February, 2025.

            Respectfully submitted,

    BY: *s/ Paul T. McChesney*
       Paul T. McChesney (SC Bar#2767)
       930 South Pine Street
       Spartanburg, SC 29302
       (864) 582-7882
       Fax (864) 583-3506
       service@carolinadisabilities.com